```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

ANDREW OWENS, KAREN RUSHING,
EARL MORELAND, and KENNETH
TUCKER,

        Plaintiffs,

v.                                    Case No: 2:15-cv-80-FtM-29DNF

GARY VANCE MORELAND,

        Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on the plaintiffs' Partially Unopposed Motion to Remand (Doc. #5) filed on March 10, 2015. No response has been filed and the time to respond has expired. For the reasons set forth below, the motion to remand is granted.

Plaintiffs filed three actions in state court against defendant Gary Moreland (Moreland): 1) <u>Owens, et. al., v. Moreland</u>, Case No. 2013 CA 7755 (Sarasota County); 2) <u>Owens et al., v. Moreland, et al.</u>, Case No. 2014 CA 566 (Charlotte County); 3) <u>Owens et al., v. Moreland, et al.</u>, Case No. 2014 CA 664 (Leon County). Each action sought injunctive and declaratory relief to obtain the expungement of allegedly fraudulent liens Moreland had filed against each plaintiffs' properties. Plaintiffs served Moreland with the Sarasota County Complaint on April 13, 2014 (Doc. #5-1,

p. 17), the Charlotte County Complaint on October 29, 2014 (Doc. #5-2, p. 13), and the Leon County Complaint on December 22, 2014 (Doc. #5-3, p. 18).

Defendant's Notice of Removal Actions of Related Cases and its Certificate of Service (Doc. #1) were signed by defendant on January 4, 2015, while he was incarcerated, but was not filed with the Court until February 9, 2015.  Since the Notice of Removal refers to documents filed on January 26, 2015, it appears the signature date is incorrect.[1]  Defendant also filed a Petition for Removal of Cases to the U.S. District Court (Doc. #7) and a supporting Memorandum of Law (Doc. #8) on March 12, 2015.

Plaintiffs now seek to have the three cases remanded to their respective state courts for both jurisdictional and procedural reasons.  While there are multiple procedural problems which would require remand, the fundamental problem which requires remand is that a federal court lacks subject-matter jurisdiction over any of the three state cases.[2]

---

[1] The Court will assume that a prisoner delivered a filing to prison authorities on the date that he signed it *absent evidence to the contrary*.  Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014).

[2] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

Removal jurisdiction exists only where the district court would have original jurisdiction over the action, unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). On a motion to remand, the party seeking to invoke federal jurisdiction bears the burden of establishing the jurisdiction of the federal court. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1288 n.4 (11th Cir. 1998); Pacheco De Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), cert. denied, 520 U.S. 1162 (1997). Thus, the burden of establishing federal question jurisdiction in this case is upon defendant.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Defendant's right to remove a case is determined by examining the allegations in the complaint at the time defendant files the notice of removal. Keene Corp. v. United States, 508 U.S. 200, 206-08 (1993). There is no federal question claim set forth in any of the Complaints filed in the state court cases. All three state court Complaints allege claims for declaratory judgment and injunctive relief to expunge allegedly fraudulent

liens. (See Docs. ## 5-1, 5-2, 5-3.) The causes of actions were not created by federal law, and there is no substantial federal issue which is necessarily raised, actually disputed and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013).

Defendant states, however, that all three cases are directly related and arise under 31 U.S.C. §§ 462, 463 (Doc. #1, ¶ 2; Doc. #7, ¶ 1), and makes reference to a state court counterclaim raising federal issues (Doc. #7, ¶ 4.) Neither argument provides a basis for federal jurisdiction. First, there are no such federal statutes in Title 31. Even if there were, a federal claim raised in a counterclaim will not provide a basis for removal. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826 (2002); Vaden v. Discover Bank, 556 U.S. 49 (2009). Because there is no proper basis upon which these cases could have been removed to federal court, they must each be remanded to the state courts from which they came.

Plaintiffs also requests costs and reasonable attorney's fees pursuant to 28 U.S.C. § 1447(c). (Doc. #5, p. 10.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses, including attorney fees, is not automatic, but is appropriate in

4

the discretion of the court when such an award is just.  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 139-41 (2005).  Here, removal of all three state cases was unreasonable from the beginning.  There was no federal claim or any arguable basis for a federal issue raised in any of the three complaints, and there could be no removal based upon a counterclaim even if the federal statutes cited by defendant actually existed.  The Court, in the exercise of its discretion, grants plaintiffs' request for an award of attorney fees.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Partially Unopposed Motion to Remand (Doc. #5) is **GRANTED**.

2. Defendant's Petition for Removal of Cases to the U.S. District Court (Doc. #7) is **DENIED,** and therefore the Affidavit of Indigency (Doc. #10), construed as a request to proceed *in forma pauperis*, is **DENIED**.

3. The Clerk is **directed** to:

   a. Remand the Sarasota County Case (2013 CA 7755) to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida and transmit a certified copy of this Order to the Clerk of that Court.

   b. Remand the Charlotte County Case (2014 CA 566) to the Circuit Court of the Twentieth Judicial Circuit, in and for

Charlotte County, Florida and transmit a certified copy of this Order to the Clerk of that Court.

    c.  Remand the Leon County Case (2014 CA 664) to the Second Judicial Circuit in and for Leon County, Florida and transmit a certified copy of this Order to the Clerk of that Court.

4. Plaintiffs' request for attorney fees is **GRANTED**. Plaintiffs shall file a motion for attorney fees with supporting documentation within **FOURTEEN (14) DAYS** of the filing of this Opinion and Order. Defendant shall file a response within **FOURTEEN (14) DAYS** after that filing.

5. The Clerk is further **directed** to terminate all other pending motions as **moot** and close the file. The Court retains jurisdiction only as to the motion for attorney fees and costs.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of May, 2015.

*[Signature: John E. Steele]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: Counsel of record